**WO**                          NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Triple Buy LLC, | No. CV-15-01313-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Dependable Highway Express Incorporated, *et al.*, | |
| Defendants. | |

At issue is Defendant Dependable Highway Express, Inc. dba The Dependable Companies and Dependable Logistics Solutions' Motion to Transfer Venue to the Central District of California Pursuant to 28 U.S.C. § 1404(a) (Doc. 15, Mot.), to which Plaintiff Triple Buy LLC filed a Response (Doc. 17, Resp.), and Defendant filed a Reply (Doc. 19, Reply). The Court finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f). For the following reasons, the Court will deny the Motion.

**I.    BACKGROUND**

This case arises out of a shipment from Fremont, California to Phoenix, Arizona of 2,080 laptop computers from Asus Computer International (the "Shipment"). Triple Buy alleges that it purchased the 2,080 laptop computers from Asus on or around March 5, 2014, and on or about March 6, 2014, it accepted Dependable Highway Express ("DHE")'s offer to deliver the laptops and paid DHE $2,200.00. Triple Buy alleges that several hours before the laptops were to be picked up in Fremont, California, DHE informed Triple Buy that it brokered out the delivery of the laptops to an outside carrier.

On March 6, 2014, a truck owned by Westline Freight, Inc. ("Westline"), and driven by Bayron Jose Vallecillo, arrived to pick up the Shipment. On or about March 7, 2014, while en route to Phoenix, Mr. Vallecillo stopped to have a meal in Ontario, California, and parked the truck in the parking lot of the restaurant. When he returned, the truck was missing. The truck was recovered the next day, but the laptops were missing.

Plaintiff initially filed this case in Arizona state court alleging the following claims: 1) fraud against DHE; 2) negligent misrepresentation against DHE; 3) breach of contract and the covenant of good faith and fair dealing against DHE; 4) broker negligence against DHE; 5) negligence against DHE and Westline; and 6) statutory liability under 49 U.S.C. § 14706 against DHE and Westline. (Doc. 1-1, Ex. A, Compl.) On July 14, 2015, DHE filed a Notice of Removal (Doc. 1). As of Plaintiff's Response to this Motion, Plaintiff had not yet served Westline. The Court now resolves Defendant DHE's Motion to Transfer Venue.

## II. LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of this statute "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Airbus DS Optronics GmbH v. Nivisys LLC*, No. CV-14-02399-PHX-JAT, 2015 WL 3439143, at \*2 (D. Ariz. May 28, 2015) (citation and internal quotation marks omitted). It is the defendant's burden to show transfer is warranted and "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000).

Courts employ a two-step analysis when determining whether a transfer is proper. *Airbus DS Optronics*, 2015 WL 3439143, at \*2. First, a court considers whether "the case could have been brought in the forum to which the moving party seeks to transfer the

case." *Id*. In order to meet this requirement, the court in the proposed transferee district "must have subject matter jurisdiction and proper venue, and the defendant must be amenable to service of process issued by that court." *Id*. "Second, a court must consider whether the proposed transferee district is a more suitable choice of venue based upon the convenience of the parties and witnesses and the interests of justice." *Id*. The Ninth Circuit has set forth factors that a court may consider in making this determination:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99.

### III. ANALYSIS

Defendant moves to transfer this action to the Central District of California pursuant to 28 U.S.C. § 1404(a). Plaintiff does not challenge the motion to change venue on the basis that the Central District of California is not a proper venue for this lawsuit. (Resp. at 2.) Accordingly, the Court limits its analysis to whether the convenience of the parties and witnesses and interests of justice justify a change of venue.

#### A. Location of Agreement Negotiation

Defendant contends that this factor favors transfer because the transaction at issue was negotiated electronically and the paperwork for the transaction was generated in California. (Mot. at 10.) The Court disagrees. Because the agreement was negotiated electronically, and each party negotiated from their own respective offices in California and Arizona, there is no reason to believe that transfer to California would aid in more efficiently dealing with evidentiary issues. The Court finds that this factor is neutral.

### B. State Most Familiar with Governing Law

This case involves Arizona state law claims and a federal claim under 49 U.S.C. § 14706, the Carmack Amendment. This factor weighs in favor of not transferring the case because the District of Arizona is more likely to be familiar with the governing law in the state law claims.

### C. Plaintiff's Choice of Forum

When a plaintiff brings suit in his or her home forum, plaintiff's choice of forum is generally accorded great weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Plaintiff originally brought suit against Defendant in Arizona state court. (*See* Compl.) Plaintiff is an Arizona company with its only office in Gilbert, Arizona, and Plaintiff resides in and has a legitimate connection to Arizona. *See Leyvas v. Bezy,* No. CV07-1032-PHX-SMM, 2008 WL 2026276, at *5 (D. Ariz. May 9, 2008). This factor weighs in favor of not transferring the case.

### D. Respective Parties' Contacts with the Forum

Defendant contends that this factor weighs in favor of transfer because Defendant's four main witnesses reside in California and Plaintiff will likely rely on California witnesses. (Mot. at 7–8.) Defendant also has contacts in Arizona because Defendant has an office in Phoenix. (Resp. at 3; Ex. B.) Plaintiff is an Arizona company and the Shipment was to be delivered to Plaintiff's sole office in Gilbert, Arizona. Plaintiff states that all of its witnesses are in Arizona, but does not state how many witnesses it will call or the substance of its witnesses' testimony. (*See* Resp. at 5.) It does not appear that Plaintiff has any contacts in California.

The relative convenience to witnesses is often considered the most important factor in resolving a motion to transfer under § 1404(a). *Airbus DS Optronics*, 2015 WL 3439143, at *4 (internal quotations omitted). In considering whether the convenience of the particular venue to witnesses weighs in favor of transfer, the court must consider the number of witnesses each party has, their location, and the importance of the witnesses. *Leyvas*, 2008 WL 2026276, at *3.

Defendant's four main witnesses, who all reside in California, are employees who were involved in the arrangement for the transportation of the Shipment. (Mot. at 7.) Although Plaintiff did not provide any information about the identity or number of witnesses it has in Arizona or what they will testify to, Plaintiff's witnesses are likely to be employees whose testimony would be of the same importance of Defendant's employee witnesses. Moreover, Defendant's witnesses are not so many in number or so far in distance as to create a significant burden upon Defendant. Accordingly, the Court finds that this factor is neutral.

### E.     Contacts Relating to the Plaintiff's Cause of Action in Arizona

Neither party directly addresses this factor. Although the alleged theft of the Shipment giving rise to this litigation occurred in California, because the negotiations for the Shipment involved both California and Arizona companies, this factor is neutral.

### F.     Differences in the Cost of Litigation in the Two Forums

Defendant contends that the costs of litigation will be higher in Arizona than in California because Defendant is a resident of California and the relevant witnesses are located in California. (Mot. at 8.) Plaintiff is similarly situated, however, because it is a resident of Arizona and its employee witnesses are located in Arizona. The costs of litigation would only shift to Plaintiff were the Court to transfer the case to California. The Court notes that it is unclear whether any California-based witnesses from Westline will be called, but does not find that this unknown factor supports transfer. The Court finds that because the parties both have lawyers located in Arizona, and because it does not appear that there are a significantly greater number of witnesses located in California than in Arizona, this factor weighs in favor of not transferring the case.

### G.     The Availability of Compulsory Process

Defendant argues that the Court's inability to compel attendance of certain witnesses who are residents of California weighs in favor of transfer. (Mot. at 8.) As Plaintiff aptly points out, this case largely involves party witnesses. However, because Plaintiff has not yet served Westline, Westline's employees are not yet party witnesses in

this action, but as the company that transported the Shipment, Westline employees' testimony may be relevant in this case.

Specifically, Plaintiff argues that the Westline driver, Mr. Vallecillo, would be subject to compulsory process under Federal Rule of Civil Procedure 45(c)(1)(A), because he "regularly transacts business in person" in Arizona. Because Mr. Vallecillo, as a truck driver, most likely drives throughout the western states regularly, it is likely that Mr. Vallecillo regularly transacts business in person in Arizona. However, even if the Court does not have subpoena power under Rule 45(c)(1)(A), the Court's "lack of subpoena power may be solved through the use of deposition or video testimony." *F.T.C. v. Wright*, No. 2:13-CV-2215-HRH, 2014 WL 1385111, at *4 (D. Ariz. Apr. 9, 2014) (quoting *Roth v. Adtran, Inc.*, No. CV13-1735-PHX DGC, 2013 WL 6058294, at *3 (D. Ariz. Nov. 18, 2013)). Although the Court's possible lack of subpoena power can be solved through other means, because live testimony is preferable, this factor slightly weighs in favor of transfer. *See id*.

### H.     Ease of Access to Sources of Proof

Because this case involves both Arizona and California companies and witnesses, both the District of Arizona and the Central District of California have approximately equal access to sources of proof. However, because Defendant has more clearly set forth the number and identity of witnesses in California, and because the alleged theft occurred in California, this factor slightly weighs in favor of transfer.

### I.     49 U.S.C. § 14706(d)

Defendant argues that the Court should grant its Motion because Plaintiff brings a claim under 49 U.S.C. § 14706(d), the Carmack Amendment, and because the events giving rise to the lawsuit occurred in California. (Reply at 2–3.) Section 14706(d) provides that a civil action "may be brought against the carrier alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred." While the statute allows for this case to be brought in the Central District of California and thus venue is proper there, the statute's language does not mandate that

this action must be brought in that District. Accordingly, the Court gives little weight to this argument in deciding whether or not to transfer.

## IV. CONCLUSION

Recognizing that the Court need not weigh each factor evenly, two of the eight factors weigh in favor of transfer, three weigh in favor of not transferring, and three are neutral. The Court concludes that this case should not be transferred. Unless Defendant has made "a strong showing of inconvenience," Plaintiff's choice of forum should not be disturbed. *Roth*, 2013 WL 6058294, at *3 (quoting *Decker Coal Co.*, 805 F.2d at 843). Defendant has not met its burden where the majority of the factors weigh in favor of not transferring or are neutral.

IT IS THEREFORE ORDERED denying Defendant's Motion to Transfer Venue to the Central District of California Pursuant to 28 U.S.C. § 1404(a) (Doc. 15).

Dated this 15th day of January, 2016.

Honorable John J. Tuchi
United States District Judge